*Franklin Saving Fund & Loan Ass'n,* 115 Pa. St. 273, which is not in harmony with that enunciated in the *Young* case, *supra.* Upon an examination of the opinion in the *Wright* case, *supra,* it will be found that the issue raised by the pleadings in the court below, and by the assignments of error on appeal, was on the question of usury, and not the propriety of charging the borrowing stockholder with the earned premium, hence the observations of the court with reference to the application of the premium are mere *dictum.*

The decree of the Circuit Court of Cook county will be affirmed.

*Affirmed.*

The People of the State of Illinois, Defendant in Error, v. Milton M. Green, Plaintiff in Error.

Gen. No. 22,092.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Information by the People of the State of Illinois against Milton M. Green, defendant, charging him with adultery and fornication. Defendant was found guilty of the offense of living in an open state of adultery and fornication with one Mary Williams, and was sentenced to pay a fine of two hundred dollars and costs. To reverse this judgment, this writ of error is prosecuted.

FRANK H. NOVAK and CHARLES HUGHES, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ERNST BUEH-LER, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. ADULTERY, § 4*—*when information not repugnant.* An information for adultery and fornication is not open to the objection of repugnancy by reason of charging that the offense was committed by defendant with one "Mary Doe whose name to this affiant is unknown."

2. CRIMINAL LAW—*when objection to form of verification too late on appeal.* The objection to the verification of an information that the words "sworn to" are used instead of the words "affirmed to," relates to a matter of form only and comes too late when first raised on appeal.

3. ADULTERY, § 4*—*when status of companion in adultery need not be shown.* In a prosecution on an information charging defendant and another with living together in an open state of adultery and fornication, where there is competent evidence to show that defendant was at the time of the alleged offense a married man and that his wife was then living and had not been divorced from him, it is not necessary for the prosecution to prove the status of the woman with whom the offense is charged to have been committed.

4. CRIMINAL LAW, § 227*—*when reopening of case to admit evidence not ground for reversal.* Where on a prosecution for adultery and fornication defendant's wife is called as a witness for the prosecution and over defendant's objection is permitted to testify to the fact that he is her husband, it is not an abuse of the trial court's discretion to reopen the case on motion of the prosecution after the case has been closed to permit the introduction of testimony of the brother of defendant's wife that he was present when the marriage took place.

5. CRIMINAL LAW, § 538*—*when admission of evidence not ground for reversal.* Even though the evidence of defendant's wife was incompetent in a prosecution against him, yet where the case was tried without a jury and there is sufficient competent evidence in the record to prove the matter testified to by her, error in admitting her testimony is not ground for reversal.

6. ADULTERY, § 5*—*when evidence sufficient to support judgment.* Evidence in a prosecution for adultery and fornication, examined and *held* to establish guilt of defendant beyond a reasonable doubt.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.